UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>D. BRUNK, HAMPSON, FIGUEROA, JOHN DOE<br><br>  Defendants. | Case No.  1:22-cv-00405-JLT-HBK (PC)<br><br>ORDER VACATING ORDER GRANTING *IN FORMA PAUPERIS* MOTION<br><br>Doc. No. 8.<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)<br><br>Doc. No. 7<br><br>FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the Court upon re-review of the file.  On May 11, 2022 the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. No. 8).  After taking judicial notice of its files, the Court notes that Plaintiff has at least three dismissals that constitute a strike and finds the Complaint does not establish that Plaintiff meets the imminent danger exception.  As a result, the undersigned revokes its May 11, 2022 Order and recommends the District Court deny Plaintiff's motion to proceed *in forma pauperis*.

**BACKGROUND AND FACTS**

Plaintiff's Complaint consists of twelve (12) handwritten pages.  (Doc. No. 1 at 1-12). Noteworthy is the fact that Plaintiff attests that he has not filed any other lawsuits while he was a

prisoner. (*Id*. at 2). The Complaint is signed under penalty of perjury that all information in the Complaint is "true and correct." (*Id*. at 10). This is a significant requirement. "'[P]erjury is among the worst kinds of misconduct' and cuts at the very heart of the mission of the federal courts." *Kennedy v. Huibregtse*, No. 13-C-004, 2015 WL 13187300, at *2 (E.D. Wis. Nov. 13, 2015), *aff'd*, 831 F.3d 441 (7th Cir. 2016) (quoting *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014)). A search of the Pacer Database, as well as the CM/ECF, demonstrate that Plaintiff has filed countless lawsuits. At a minimum, Plaintiff's misrepresentation that he has not filed any other lawsuit violates Rule 11(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b). Consequently, the undersigned vacates its order granting Plaintiff *in forma pauperis* status.

Although difficult to understand, to the extent discernable, the Complaint alleges the following claims: (1) Defendants Brunk, Hampson, and an unnamed United States District Court Judge violated Plaintiff's First Amendment right to access the courts by not granting him *in forma pauperis status* in violation of "California Code of Regulation Title 15 Section 3160(A)(b)(1)(2)(3)" and "Section 5058 Penal Code, Section 5054, Section 2601 Penal Code" (Doc. No. 1 at 3); (2) Defendants Brunk Hampson, and an unnamed United States District Court Judge for violated Plaintiff's First Amendment rights by refusing to file his civil rights complaint in retaliation against him for filing a lawsuit (*id*. at 4); (3) unnamed defendants violated his Fifth Amendment rights for removing pictures from his cell (*id*. at 7); (4) unnamed defendants violated Plaintiff's First and Sixth Amendment rights and the American With Disabilities Act by not complying with a court order mandating that Plaintiff receive a specified amount of time per week to access the law library (*id*. at 8); and (5) Defendant Hampson violated Plaintiff's right to access the courts under the First, Sixth and Fourteenth Amendment by refusing to "copy petition or civil rights" (*id*. at 9). The Complaint does not provide dates for when any of the events giving rise to the various claims occurred.

As relief, Plaintiff seeks "attorney [fees] for [$]4,000,000.00 and compensatory damages [$]2.5 million also punitive damages [$]1.2 million and accord to proof [$]9.9 million." (*Id*. at 10).

**APPLICABLE THREE STRIKE LAW**

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner

3

"faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, No. 19-17093, ___ F. 4th ___, 2022 WL 1073607, at *6 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at *7 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id.*

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021

4

WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005). Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

## ANALYSIS

### A. Plaintiff Has Three or More Qualifying Strikes

A review of the Pacer Database[1] reveals Plaintiff has filed at least 45 civil actions or appeals in a court of the United States. Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| November 27, 2000 | *Harris v. K. Edmonds*, Case No. 1:00-05857-OWW-LJO (E.D. Cal. 2000) | Order adopting findings and recommendations to dismiss amended complaint as |

---

[1] *See* http://pacer.usci.uscourts.gov.

| | | |
|---|---|---|
| | | frivolous and for a failure to state a claim. |
| March 15, 2002 | *Harris v. Cheryl Pliler*, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal. 2002) | Order adopting amended findings and recommendations finding first amended complaint failed to state a claim. |
| May 28, 2002 | *Harris v. K. Edmonds*, 1:00-cv-07160-REC-SMS (E.D. Cal. 2002) | Order adopting findings and recommendations to dismiss third amended complaint for failure to state a claim and to comply with a court order. |

As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of § 1915(g).

**B.  The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in danger of serious physical injury as of the date the complaint is filed.  *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Liberally construing the Complaint, the undersigned finds it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action to invoke the § 1915(g) exception.  (*See generally* Doc. No. 1).  The Complaint is devoid of any fact of violence, coercion, intimidation, or any other act that would indicate Plaintiff is in imminent danger of serious physical injury.  (*See generally id*.).

Accordingly, it is **ORDERED**:

The Court's May 11, 2022 Order (Doc. No. 8) is VACATED.

It is further **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 7) be DENIED under § 1915(g) due to his three-strike status and failure to meet the imminent danger exception.

2. This action be DISMISSED without prejudice automatically if Plaintiff fails to pay the filing fee after the time provided by the district court expires.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14)**

**days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE